UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FIONA GREENIDGE,

         Plaintiff,  **MEMORANDUM AND ORDER**

 -against-        15-CV-287 (SLT)

DEPARTMENT OF THE TREASURY --
INTERNAL REVENUE SERVICE,

         Defendant.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

  Plaintiff Fiona Greenidge, proceeding *pro se*, brings this action against the Internal Revenue Service (the "IRS") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), principally alleging that the IRS incorrectly calculated the refund she was owed in 2013 and otherwise conspired to defraud plaintiff because of her family heritage and surname. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted but, for the reasons set forth below, the complaint fails to state a Title VII claim or to allege facts suggesting a conspiracy involving the IRS. However, since the facts alleged in the complaint suggest that plaintiff may be able to state a claim under 28 U.S.C. § 1346(a)(1) relating to the plaintiff's 2013 Tax Return, this Court grants plaintiff leave to file an amended pleading on or before February 27, 2015.

## *BACKGROUND*

  Plaintiff's pleading in this case consists of four pages. The first page—hereafter, the "Complaint"—is a one-page document which lists the parties and their addresses, invokes jurisdiction pursuant to Title VII, states that the only remedy plaintiff is seeking is "Monetary Damages," and notes that plaintiff's "Statement of Claim" is set forth in an attachment. The

remaining three pages—the "Attachment"—consist of a letter addressed to an unnamed "Representative" but titled, "Complaint/Statement of Claim." The allegations in the Attachment are assumed to be true for purposes of this memorandum and order.

Although the Complaint states that this action is brought under Title VII, the Attachment principally alleges that some of plaintiff's federal and state tax refunds have been delayed and improperly reduced, purportedly as a result of conspiracy to defraud her. The Attachment alleges facts relating to two federal tax returns: her "2013 Tax Return" and a return which was filed in 1997. The Attachment also makes allegations regarding a state return which was filed in or around 2013, although the Attachment does not specify the year in which the state tax filing was made.

With respect to the "2013 Tax Return," plaintiff alleges that she filed a tax return with the IRS on May 9, 2013. Attachment, p. 1.[1] In that return, plaintiff calculated that she was entitled to a refund of $5,237. *Id.* That amount was based, in part, on plaintiff's calculation that she was entitled to an Earned Income Credit of $11,540. *Id.*

Sometime thereafter, the IRS sent plaintiff a form which stated that she had either failed to file Schedule EIC—the form used to claim an Earned Income Credit—or failed to complete Schedule EIC. *Id.* In response to this form, plaintiff completed another Schedule EIC and mailed it to the IRS with "a letter requesting that the IRS correct [her] 2013 Tax Return if it was filed incorrectly, and mail the Tax Refund ASAP." *Id.* (brackets added). The IRS ultimately sent plaintiff a refund of only $650. *Id.*

---

[1] Since plaintiff's pleading refers to the tax return filed on May 9, 2013, as plaintiff's "2013 Tax Return," this Court will adopt that nomenclature. Because of the date it was filed, however, one assumes that the "2013 Tax Return" actually relates to some year prior to 2013.

The complaint alleges that this is the second instance in which the IRS shortchanged plaintiff. Specifically, the pleading alleges that the IRS illegally "offset" plaintiff's tax refund in 1997, giving plaintiff a refund of $1,500 less than she had claimed. *Id.*, p. 2. According to the complaint, "[s]everal people had this problem in NYC during the year 1997" and plaintiff "was informed by a civilian that the Tax Refund that was offset without notification went towards a budget deficeit [*sic*]." *Id.* (brackets added).

In addition, plaintiff's pleading alleges that the New York State Department of Taxation and Finance improperly offset plaintiff's State tax refund in or around 2013, claiming that the amount of the refund was sent to the New York State Higher Education Services Corporation ("HESC") to pay outstanding student loan debts. *Id.* The complaint alleges that plaintiff's student loans were "paid by automatic debit from [her] ... checking account," and that she "satisfied the repayment obligations in 2012 ... and 2013." *Id.* Plaintiff reasons that the fact that she was repaying her student loans "should guarantee that [she] receive[d] a tax refund from the State ...." *Id.* (brackets added).

Plaintiff's pleading does not name the New York State Department of Taxation and Finance as a defendant. However, the pleading alleges that this State agency and the IRS have engaged in a conspiracy to defraud plaintiff of her refunds because of her "family heritage" and her surname. *Id.* The complaint further alleges that plaintiff is "an American Citizen who has been Black Listed," *id.*, but does not explain why plaintiff believes she is being blacklisted or allege facts to support the allegations of conspiracy.

3

## DISCUSSION

### Legal Standard

Title 28, Section 1915(e)(2)(B), of the United States Code provides that, "[n]otwithstanding any filing fee ... that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (brackets and ellipsis added). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### Possible Bases for Federal Jurisdiction

The Complaint asserts that this Court has jurisdiction over this action pursuant to Title VII. However, this assertion is based on plaintiff's belief that Title VII states that the

4

government and its agencies "should not discriminate against Applicants." Complaint, ¶ II. In fact, Title VII prohibits employers, employment agencies, labor organizations, and their training programs from discriminating against employees and applicants for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2. Nothing in plaintiff's pleading suggests that plaintiff has ever been employed by, or applied for employment with, the IRS. Accordingly, Title VII does not provide a basis for subject-matter jurisdiction over this case.

Although plaintiff does not have a claim under Title VII, she may have a claim under 28 U.S.C. § 1346(a)(1). This statutory provision gives a district court jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." Although this grant of jurisdiction has been described as "spacious," a taxpayer's right to bring suit under § 1346(a)(1) is qualified by other statutes which require "compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). First, 28 U.S.C. § 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." The relevant regulations provide, in pertinent part, that "[a] properly executed individual ... income tax return or an amended return (on 1040X or 1120X if applicable) shall

constitute a claim for refund or credit ... for the amount of the overpayment disclosed by such return (or amended return)." 26 CFR § 301.6402-3(a)(5).

Second, 28 U.S.C. § 6511(a) provides that if a taxpayer is required to file a return with respect to a tax, the taxpayer must file any claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later. "[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' ... may not be maintained in any court." *Dalm*, 494 U.S. at 602 (citing *United States v. Kales*, 314 U.S. 186, 193 (1941)).

Third, 26 U.S.C. § 6532(a)(1) provides a statute of limitations for the commencement of a taxpayer's federal lawsuit. This section states, in relevant part:

> No suit or proceeding ... for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

In other words, "[a] taxpayer may bring such an action within two years after the IRS disallows the taxpayer's administrative refund claim." *EC Term of Years Trust v. United States*, 550 U.S. 429, 431 n. 2 (2007).

In this case, plaintiff's allegations regarding her 2013 Tax Return suggest that she may have a cause of action under § 1346(a)(1). The complaint states that plaintiff filed a tax return in May 2013, less than two years ago. Although the initial tax filing may have been deficient

because plaintiff either omitted or failed to complete Schedule EIC, plaintiff allegedly rectified the deficiency by filing a Schedule EIC. Nonetheless, plaintiff received a refund of only $650, rather than the $5,237 which she claimed she was owed. These allegations suggest that plaintiff may have a cause of action for $4,587 under § 1346(a)(1).

To the extent that plaintiff is seeking to raise a claim regarding the refund she received in 1997, however, that claim appears to be untimely. Plaintiff's pleading implies that she filed the return seeking the refund sometime in or before 1997, and states that plaintiff subsequently received a refund for $1,500 less than she expected. Although the pleading does not specify precisely when plaintiff received this refund, it alleges that "[s]everal people had this problem in NYC during the year 1997." Attachment, p. 2 (brackets added). Assuming that the refund was received in or about 1997, it would now be much too late to bring a cause of action relating to that refund pursuant to § 1346(a)(1). *See* 28 U.S.C. § 6532(a)(1).

This Court also assumes that plaintiff is not seeking to raise a claim against the New York State Department of Taxation and Finance. First, that agency is not named as a defendant in this action. Second, the allegations relating to this State agency appear identical to claims raised against the State's tax processing center in a case filed with this Court last month: *Greenidge v. State Processing Ctr.*, No. 14-CV-7361 (SLT). That claim is addressed in a separate memorandum and order, issued herewith.

Finally, plaintiff's allegations that the IRS and the New York State Department of Taxation and Finance engaged in a conspiracy to defraud plaintiff because of her family heritage and surname fail to state a claim on which relief may be granted. "[C]onclusory, vague, or general allegations of conspiracy to deprive a person of ... rights" are inadequate to state a claim. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Leon v. Murphy*, 988 F.2d 303, 311

7

(2d Cir. 1993)). Rather, a plaintiff must allege facts "upon which it may be plausibly inferred that the defendants came to an agreement" to violate the plaintiff's rights. *See Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) (citing *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003), for the proposition that "to maintain a conspiracy action, the plaintiff 'must provide some factual basis supporting a meeting of the minds.'"). Plaintiff has not alleged any facts to suggest an agreement between the IRS and its State counterpart.

## *CONCLUSION*

For the reasons set forth above, plaintiff's complaint fails to state a Title VII claim or to allege facts suggesting a conspiracy involving the IRS. However, since the facts alleged in the complaint suggest that plaintiff may be able to state a claim under 28 U.S.C. § 1346(a)(1) relating to her 2013 Tax Return, the Court will grant plaintiff leave to file an amended complaint on or before February 27, 2015. No summonses shall issue at this time and all further proceedings shall be stayed pending plaintiff's submission of her amended complaint. If plaintiff fails to file her amended complaint within the time allowed, this Court may dismiss this action without further notice to plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: January 30, 2015
Brooklyn, New York