UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FIONA GREENIDGE,

                Plaintiff,

                **REPORT & RECOMMENDATION**
                **15 CV 287 (AMD)(LB)**

-against-

DEPARTMENT OF THE TREASURY –
INTERNAL REVENUE SERVICE

                Defendant.
------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        This case has been referred to me for all pretrial purposes. *Pro se* plaintiff has failed to appear at three Court-ordered conferences in this matter and has not contacted the Court or defendant's counsel to request an adjournment or to explain her absences. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed with prejudice pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

        Plaintiff filed this action against the Internal Revenue Service on January 15, 2015. (ECF No. 1.) The Honorable Sandra Townes ruled that plaintiff's complaint failed to state a claim, but granted plaintiff leave to file an amended complaint.[1] (ECF No. 4.) Plaintiff timely filed an amended complaint, (ECF No. 5), and I scheduled an initial conference on August 6, 2015, (ECF No. 9). Plaintiff failed to appear for the August 6, 2015 conference. However, defendant's counsel informed the Court that correspondence he had mailed to plaintiff had been returned to him as undeliverable and that counsel was unable to contact plaintiff at the phone number she had provided the Court. (ECF No. 10.) The Court ordered plaintiff to notify the Court of her current

---

[1] This case was reassigned to Judge Donnelly for all purposes on November 16, 2015.

1

address by September 8, 2015. (ECF No. 12.) This order was returned to the Court as undeliverable. (ECF No. 13.) Plaintiff failed to notify the Court of her address by that date, but on October 13, 2015 she filed a motion to reopen the case and provided a new address to the Court. (ECF No. 14.) Judge Townes denied plaintiff's motion to reopen the case as moot because the case was never closed. (ECF No. 15.) The Court rescheduled and held the initial pretrial conference on February 2, 2016 at 2:30 p.m. (ECF No. 16). *Pro se* plaintiff failed to appear for the February 2, 2016 conference. Plaintiff failed to contact the Court to request an adjournment of the conference. Defendant's counsel appeared on time and was prepared to proceed.

In an abundance of caution, the Court reset the initial conference for February 23, 2016 and explicitly warned plaintiff that if she failed to timely appear that the Court would recommend dismissal of her action with prejudice pursuant to Rule 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. (ECF No. 18.) Plaintiff failed to appear for the February 23, 2016 conference. Again, plaintiff failed to contact the Court or defendant's counsel to request an adjournment.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding

*pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to appear at three Court-ordered conferences. When plaintiff failed to appear for the August 6, 2015 conference, the Court was mindful that correspondence sent to plaintiff at the address she had provided was returned as undeliverable. Plaintiff was therefore directed to provide a current address to the Court. Although plaintiff failed to do so by the Court-ordered deadline, she ultimately provided a new address to the Court on October 13, 2015 and since that time, the Court's orders have not been returned as undeliverable. Nonetheless, plaintiff failed to appear at the February 2, 2016 conference. Subsequently, the Court clearly warned plaintiff that if she failed to timely appear for the February 23, 2015 conference that the Court would recommend that this case should be dismissed. (ECF No. 18.) Despite this warning, plaintiff failed to appear for the third Court-ordered conference. Moreover, plaintiff has failed to contact the Court. The Court need not afford plaintiff unlimited opportunities to appear in this action. Defendant's counsel has timely appeared for three conferences and has waited for plaintiff to appear. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed with prejudice pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: February 29, 2016
      Brooklyn, New York